J-S50019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHANE LUIS SANTIAGO | |
| Appellant | No. 3449 EDA 2014 |

Appeal from the PCRA Order November 5, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000322-2013
CP-15-CR-0004491-2012

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED DECEMBER 11, 2015**

Appellant, Shane Luis Santiago, appeals, *pro se*, from the November 5, 2014 order, dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  After careful review, we reverse and remand for resentencing.

On February 18, 2014, the trial court imposed an aggregate judgment of sentence of 6½ to 13 years' imprisonment, following his open guilty plea to two counts of possession with the intent to deliver (PWID), one count of conspiracy, five counts of animal fighting, and one count of endangering the

---

[1] The PCRA court, in its October 8, 2014 Pennsylvania Rule of Criminal Procedure 907 notice of intention to dismiss Appellant's PCRA petition without a hearing, granted counsel's September 2, 2014 petition to withdraw as PCRA counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

welfare of children.[2]  Appellant did not file a direct appeal of his sentence with this Court.  Therefore, Appellant's judgment of sentence became final on March 20, 2014, when the time to file a notice of appeal to this Court expired.  *See* 42 Pa.C.S.A. § 9545(b)(3) (stating a judgment of sentence becomes final at the conclusion of direct review); Pa.R.A.P. 903(a) (providing that a notice of appeal must be filed within 30 days of the order being appealed).  Appellant timely filed this PCRA petition on July 28, 2014.[3]

In this appeal, Appellant argues that he was entitled to the application of the United States Supreme Court's decision in *Alleyne v. United States*,

_____

[2] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 903(c), 5511(h.1)(3), and 4304(a)(1), respectively.  The trial court imposed the following sentences.  The trial court sentenced Appellant to two to four years' incarceration for one count of PWID to run consecutive to the sentence of six to twelve months' incarceration for the second count of PWID.  Further, the trial court imposed a sentence of one to two years' incarceration for the conspiracy conviction, consecutive to the sentence imposed for PWID; one to two years' incarceration each on two counts of animal fighting, concurrent to each other and concurrent to the sentence imposed for PWID; eighteen to thirty-six months' incarceration for a third conviction of animal fighting, consecutive to the sentence for conspiracy; and eighteen to thirty-six months' incarceration for endangering the welfare of children, consecutive to the third sentence for animal fighting.  The trial court imposed no further penalty on the two remaining charges of animal fighting.  Moreover, the sentence of two to four years' for one count of PWID represented the mandatory minimum for PWID within a school zone pursuant to Section 6317 of the Crimes Code, 18 Pa.C.S.A. §§ 101-9402.

[3] As noted above, the PCRA court dismissed his petition on November 5, 2014.  Appellant filed a timely appeal on December 5, 2014.  The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925.  The PCRA court filed a Rule 1925(a) opinion on December 11, 2014.

133 S. Ct. 2151 (2013), which renders unconstitutional the mandatory minimum sentence he received pursuant to Section 6317, for PWID within a school zone.[4] **Alleyne** retroactively applies to all cases that were pending on direct appeal when it was decided. **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*). Herein, Appellant was entitled to the application of **Alleyne** in his sentencing because the decision in **Alleyne** was announced on June 17, 2013, both before the trial court initially sentenced Appellant on December 17, 2013, and before the trial court resentenced him on February 18, 2014. In **Alleyne**, the United States Supreme Court held that the guarantee of right to a jury trial dictated that any fact that increases the mandatory minimum sentence for a crime "is 'an element' [of the offense] that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra** at 2163. Later, in **Newman**, our Court, applying **Alleyne**, held that the sentencing mechanism provisions of mandatory minimum sentencing statutes, allowing a judge to

_____

[4] Appellant did not assert **Alleyne** as a basis for relief in his PCRA petition, but this Court has stated that "[a] challenge to the legality of a sentence may be entertained as long as the reviewing court has jurisdiction." **Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 (Pa. Super. 2011). Because we have jurisdiction to review Appellant's appeal of his timely PCRA petition, we may address his challenge to the legality of his sentence. **See id.** Appellant, in his *pro se* appellate brief, acknowledges that the only issue he identified in his PCRA petition, relating to his suppression hearing, is withdrawn or otherwise waived. Appellant's Brief at 12. Moreover, the Commonwealth acknowledges that Appellant was sentenced to a mandatory minimum sentence pursuant to Section 6317. Commonwealth's Brief at 2.

automatically increase a defendant's sentence based on a preponderance of the evidence, are not severable from the other subsections, and thus, **Alleyne** renders Pennsylvania's mandatory minimum sentencing statutes of this type unconstitutional. **Newman**, **supra** at 102; **Commonwealth v. Wolfe**, 106 A.3d 800, 806 (Pa. Super. 2014), *appeal granted*, 121 A.3d 443 (Pa. 2015).

This Court recently addressed a case with an identical procedural posture that controls the outcome of this case. **See Commonwealth v. Melendez-Negron**, --- A.3d ---, 2015 WL 5657130, at *3 (Pa. Super. 2015). Therein, after the appellant pled guilty, the trial court sentenced him to the mandatory minimum sentence in Section 9712.1, based on a conviction of PWID with a firearm, on November 15, 2013, after **Alleyne** was decided. **Id.** at *1. The appellant's sentence became final on December 16, 2013 because he did not file a direct appeal with this Court. **Id.** On July 7, 2014, the appellant filed a timely PCRA petition. **Id.** This Court decided the mandatory minimum sentencing scheme, under which the appellant was sentenced, was unconstitutional in light of **Alleyne**. **Id.** at *2. We further concluded that the appellant's admission, in his guilty plea, of the element that triggered the application of a mandatory minimum, did not remedy the **Alleyne** violation inherent in Section 9712.1. **Melendez-Negron**, **supra** at *3 (applying **Commonwealth v. Cardwell**, 105 A.3d 748, 754-55, *appeal denied*, 121 A.3d 494 (Pa. 2015).

Herein, Appellant was subjected to the mandatory minimum sentence for PWID within a school zone based on his admission of the factual basis of his conviction. This case is procedurally identical to **Melendez-Negron** because Appellant pled guilty and was sentenced to a mandatory sentence after **Alleyne** was decided, his judgment of sentence became final, and then he filed a timely PCRA petition. Therefore, our disposition is controlled by **Melendez-Negron**. Consequently, Appellant's sentence is illegal because **Alleyne** rendered Section 6317 facially unconstitutional.[5] **See id.** Further, the **Alleyne** violation is not remedied by Appellant's admission in his guilty plea to the fact that resulted in the imposition of a mandatory minimum sentence under Section 6317. **See id.** Therefore, because Appellant received an unconstitutional mandatory minimum sentence in violation of **Alleyne**, we reverse the PCRA court's November 5, 2014 order and remand this case for resentencing without the consideration of the mandatory minimum sentence in Section 6317. **See id.**

Order reversed. Case remanded for resentencing. Jurisdiction relinquished.

---

[5] We note that Section 6317 has been recognized as unconstitutional. **Commonwealth v. Hopkins**, 117 A.3d 247, 262 (Pa. 2015); **Commonwealth v. Bizzel**, 107 A.3d 102, 106 (Pa. Super. 2014); **Commonwealth v. Watley**, 81 A.3d 108, 117 n.4 (Pa. Super. 2013), *appeal denied*, 95 A.3d 277 (Pa. 2014).

J-S50019-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/11/2015